session; more especially when that location has been fixed by the decree of the board, which has become final by the consent of the United States.

For these reasons, I think that the official survey should be approved.

---

## Case No. 15,055.

### UNITED STATES v. ERIE R. CO.

[Cited in Case No. 15,056. Nowhere reported; opinion not now accessible.]

---

## Case No. 15,056.

### UNITED STATES v. ERIE RY. CO.

[9 Ben. 67;[1] 24 Int. Rev. Rec. 76.]

District Court, S. D. New York. March, 1877.[2]

INCOME TAX—INTEREST ON CORPORATION BONDS—ALIEN OWNERSHIP—PENALTY.

1. Interest on bonds of a corporation held by non-resident aliens is not taxable by the United States, under section 122 of the act of June 30, 1864 (13 Stat. 284), as amended by section 9 of the act of July 13, 1866 (14 Stat. 138).

2. Michigan Cent. R. Co. v. Slack [Case No. 9,527a], dissented from.

3. Only one penalty is recoverable for all failures to make returns for taxation, under said statute, prior to the commencement of a suit.

[Cited in Ex parte Snow, 120 U. S. 286, 7 Sup. Ct. 562.]

At law.

Roger M. Sherman, Asst. Dist. Atty.

William D. Shipman and Henry L. Burnett, for defendant.

BLATCHFORD, District Judge. This is a suit brought by the United States against the Erie Railway Company, to recover taxes alleged to be due to the plaintiffs on certain interest coupons paid by the defendant on bonds issued by the defendant, which payments were made in the years 1866, 1867, 1868 and 1869, and also to recover certain penalties alleged to be due to the plaintiffs for the failure of the defendant to make returns of the amount of said taxes. The suit is founded on section 122 of the act of June 30, 1864 (13 Stat. 284), as amended by section 9 of the act of July 13, 1866 (14 Stat. 138). Such section, as so amended, reads as follows, the parts of the section as amended which are not found in the original section being put in parentheses, and the parts of the original section which are not found in the amended section being put in italics: "Any railroad, canal, turnpike, canal navigation, or slack-water company, indebted for any money for which bonds or other evidence of

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

[2] [Affirmed by circuit court. Judgment of circuit court reversed in supreme court. 106 U. S. 327, 1 Sup. Ct. 223.]

indebtedness have been issued, payable in one or more years after date, upon which interest is stipulated to be paid, or coupons representing the interest, or any such company that may have declared any dividend in scrip or money, due or payable to its stockholders (including non-residents, whether citizens or aliens), as part of the earnings, profits, income or gains of such company, and all profits of such company carried to the account of any fund, or used for construction, shall be subject to and pay a *duty* (tax) of five per centum on the amount of all such interest or coupons, dividends or profits, whenever (and wherever) the same shall be payable (and to whatsoever party or person the same may be payable, including non-residents, whether citizens or aliens); and said companies are hereby authorized to deduct and withhold from all payments on account of any interest, or coupons, and dividends, due and payable as aforesaid, the *duty* (tax) of five per centum; and the payment of the amount of said *duty* (tax) so deducted from the interest, or coupons, or dividends, and certified by the president or treasurer of said company, shall discharge said company from that amount of the dividend, or interest, or coupon on the bonds or other evidences of their indebtedness so held by any person or party whatever, except where said companies may have contracted otherwise. And a list or return shall be made and rendered to the assessor or assistant assessor, *in duplicate, and one of said lists or returns shall be transmitted and the duty paid to the commissioner of internal revenue within thirty days after the time when* (on or before the tenth day of the month following that in which) said interest, coupons or dividends become due and payable, and as often as every six months; and said list or return shall contain a true and faithful account of the amount of the *duty* (tax), and there shall be annexed thereto a declaration of the president or treasurer of the company, under oath or affirmation, in form and manner as may be prescribed by the commissioner of internal revenue, that the same contains a true and faithful account of said *duty* (tax). And for any default in making or rendering such list or return, with the declaration annexed, or of the payment of the *duty* (tax) as aforesaid, the company making such default shall forfeit, as a penalty, the sum of one thousand dollars; and, in case of any default in making or rendering said list or return, or of the payment of the *duty* (tax) or any part thereof, as aforesaid, the assessment and collection of the *duty* (tax) and penalty shall be made according to the provisions of law in other cases of neglect or refusal: (Provided, that whenever any of the companies mentioned in this section shall be unable to pay the interest on their indebtedness, and shall in fact fail to pay such interest, in such cases the tax levied by this section shall not be paid to the